Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2655 | **DATE** | Feb. 1, 2002 |
| **CASE TITLE** | United States of America, ex rel Lewis Johnson   v   Edwin A. Bowen | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

order denying habeas corpus

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum opinion and order entered. Accordingly, petitioner's claims for relief are denied and his petition for writ of habeas corpus is **denied**.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | FEB 04 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 16 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 02 FEB -1 PM 1:05 | date mailed notice | |
| GDS | courtroom deputy's initials | FILED 10 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. LEWIS JOHNSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>EDWIN A. BOWEN, )<br>)<br>Respondent. ) | No. 00 C 2655<br><br>Judge Robert W. Gettleman<br><br>DOCKETED<br><br>FEB 0 4 2002 |

## MEMORANDUM OPINION AND ORDER

Petitioner Lewis Johnson has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

### Background

Following a bench trial in the Circuit Court of Cook County, Illinois, petitioner was convicted of first degree murder and sentenced to serve a term of imprisonment of 34 years. Petitioner appealed, raising the lone issue that his sentence was excessive. The Illinois Appellate Court affirmed the conviction and sentence in an unpublished order. People v. Johnson, No. 1-92-1658 (1st Dist. August 20, 1993). Leave to appeal to the Illinois Supreme Court was denied. Petitioner then filed a pro se post-conviction petition in the Circuit Court of Cook County alleging: a) an improper sentence because the sentencing court relied on unreliable and materially false information; b) prosecutorial misconduct when the prosecutor misstated evidence claiming that the decedent and petitioner were friends; c) ineffective assistance of trial counsel by failing to object to the mischaracterization of the evidence; d) ineffective assistance of trial counsel because counsel

16

failed to call a witness (Alonzo Stanciel) that plaintiff claims would have provide favorable testimony; and e) ineffective assistance of appellate counsel because counsel failed to raise the previous issues on direct appeal. The trial court, after argument and reviewing the trial record, but no evidentiary hearing, dismissed the post-conviction petition. The Illinois Appellate court affirmed. People v. Johnson, No. 1-96-2378 (June 15, 1998). Leave to appeal that decision to the Illinois Supreme Court was denied.

In the instant case, petitioner raises four grounds for relief: 1) ineffective assistance of counsel by failing to interview Alonzo Stanciel, who could have testified in support of petitioner's affirmative defense of justifiable use of force; 2) ineffective assistance of counsel by failing to object and moving to exclude the statements made by the prosecutor at the sentencing hearing that the victim and petitioner were friends; 3) erroneous reliance by the sentencing judge on the false information that the victim and petitioner were friends; and 4) denial of petitioner's right to testify because petitioner was discouraged from doing so by his trial counsel. The State has answered the petition, arguing that the fourth ground has been procedurally defaulted and that all grounds, including the fourth, have no merit.

## Discussion

Before the court can reach the merits of his claim, petitioner must clear two procedural hurdles: exhaustion of remedies and procedural default. Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir. 1995). Exhaustion requires that a petitioner take his claim to the state courts first. Cawley v. DeTella, 71 F.3d 691, 693 (7th Cir. 1995). It is undisputed that petitioner has exhausted all his claims because no state court remains open to address any of those claims. Id.

Procedural default occurs when a petitioner fails to raise an issue on direct appeal or post-conviction review, or when the state court rests its judgment on an adequate an independent finding of procedural default under state law. U.S. ex rel. Taylor v. Barnett, 109 F.Supp.2d 911, 918 (N.,D. Ill. 2000). A federal court cannot reach the merits of a habeas claim that has been procedurally defaulted unless the petitioner demonstrates: 1) cause for and prejudice resulting from the failure to raise the claim earlier; or 2) that the default would lead to a fundamental miscarriage of justice. Id. at 919.

In the instant case, it is undisputed that petitioner failed to raise his fourth ground – denial of his right to testify – on either direct appeal or in his post-conviction proceedings. Therefore, the court can consider this ground for relief only if petitioner can establish cause for the default and actual prejudice or, that the failure to consider this claim would result in a fundamental miscarriage of justice. Id. Petitioner attempts to argue cause and prejudice to overcome the procedural default.[1]

As cause for the default, petitioner argues, 1) ineffective assistance of trial counsel, and 2) petitioner's "functional illiteracy." Neither reason establishes sufficient cause for the default. First, even if petitioner is correct that his trial counsel was ineffective for failing to raise the issue, petitioner had appointed counsel for both direct appeal and his post-conviction proceedings. Neither counsel raised the issue. No explanation for this failure is given, except an insufficient and unsupported suggestion that appellate counsel was also ineffective. Nor can petitioner rely on his claim that he is a "functional illiterate." Literate or illiterate, petitioner had the mental capacity to tell his appellate counsel that he had wanted to testify at trial but was not allowed to do so. He does

---

[1] Petitioner does suggest that he could establish a fundamental miscarriage of justice, but offers no support (or argument) for this claim.

3

not state that he did tell this to either his appellate or post-trial counsel, or that he was unable to do so. Accordingly, the court concludes that the petitioner cannot establish cause for the procedural default.

Moreover, as respondent correctly argues, even if not procedurally defaulted, there is no merit to petitioner's claim. The Seventh Circuit requires more than a simple bare bones assertion by petitioner that trial counsel denied him the right to testify. The claim must be substantiated with great particularity, supported by affidavits (preferably from the attorney). Underwood v. Clark, 939 F.2d 473, 475 (7th Cir. 1991). Petitioner has failed to substantiate his claim in any way. Accordingly, claim four is denied.

The remaining claims, ineffective assistance of counsel for failure to interview and call Stanciel, failing to exclude evidence at the sentencing, and erroneous reliance on that false information at sentencing by the sentencing judge have all been decided on the merits by the state court, and this court's review is thus covered by the Anti-Terrorism and Effective Death Penalty Act of 1966 ("AEDPA"), 28 U.S.C. § 2254(d). In U.S. ex rel. Gaines v. Gilmore, 1998 WL 427612 (N.D. Ill. 1998), this court described the standard of review under the AEDPA:

> Any claim adjudicated by a state court on the merits is governed by 28 U.S.C. §2254(d), under which habeas relief may be awarded only where the state court's adjudication of a petitioner's claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States: or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S. C. §2254(d)(1) -- (2). The first phrase of §2254(d)(1) – authorizing habeas relief when the state court's decision is "contrary to" clearly established federal law as determined by the Supreme Court – pertains only to questions of law. Lindh v. Murphy, 96 F.3d 856, 868 (7th Cir. 1996) (en banc), rev'd on other grounds, 117 S.Ct. 2059 (1997).
> 
> The second phrase of §2254(d)(1) – authorizing habeas relief when the state court's decision "involved an unreasonable application" of clearly established federal law as

determined by the Supreme Court – pertains to mixed questions of law and fact. Id. at 870. This phrase "tells federal courts: Hands off, unless the judgment in place is based on an error grave enough to be called 'unreasonable.'" Id. A state court's application of Supreme Court precedent is reasonable if it is "at least minimally consistent with the facts and circumstances of the case." Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir. 1997). "[W]hen the constitutional question is a matter of degree, rather than concrete entitlements, a . . . responsible, thoughtful answer reached after a full opportunity to litigate is adequate to support [a state court's] judgment." Lindh, 96 F.3d at 871. Thus, "[t]he statutory 'unreasonableness' standard allows the state court's conclusion to stand if it is one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 748 (7th Cir. 1997). In other words, if a state court asks the "legally correct question [such as] whether the trial judge abused his discretion . . . [then] the "fact-specific answer cannot be called 'unreasonable' even if it is wrong . . ." Lindh, 96 F.3d at 867-77.

A claim of ineffective assistance of counsel is a mixed question of law and fact. Strickland v. Washington, 466 U.S. 668, 698 (1984), meaning this court's review of the state court decision is de novo. Hall v. Washington, 106 F.3d 742, 748 (7th Cir. 1997). Under the AEDPA, however, "the court must answer the more subtle question of whether the state court unreasonably applied clearly established federal law as the Supreme Court has determined it." Id. In reaching this decision, the court accepts as presumptively true the state court's finding of fact made in deciding the ineffectiveness claims, unless petitioner has rebutted this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioner's first claim is that he was denied effective assistance of counsel when his trial counsel failed to interview petitioner's cousin, Alonzo Stanciel, whom petitioner claims would have testified in support of petitioner's defense of justifiable use of force. As the Illinois Appellate Court noted, petitioner failed to support this claim with an affidavit from either Stanciel or trial counsel, indicating either that counsel failed to interview Stanciel or that Stanciel would have testified as petitioner suggests. Petitioner has not appended any such affidavit to the current petition, and as the

5

Illinois Appellate Court found, petitioner's claim that Stanciel would have testified that the victim "went after" petitioner is in direct contrast to the testimony of the three eyewitnesses who saw petitioner shoot the unarmed victim twice for no apparent reason. In the absence of anything but his unsupported claim, petitioner has failed to present any evidence that trial counsel's actions were "outside the wide range of professionally competent assistance, or that there is a reasonable probability that had Stanciel testified the result would have been different. Strickland, 466 U.S. at 690, 694. Accordingly, the court denies petitioner's first claim for relief.

Petitioner's second ground for relief is that trial counsel was ineffective by failing to move to exclude or suppress the State's use of false information at the sentencing hearing. In particular, petitioner claims that the prosecution stated that petitioner and the decedent were friends.

Petitioner raised this issue in his post-conviction petition. The trial court perused the trial transcript to see if a relationship existed between petitioner and the decedent, even stating that it would consider a new sentencing hearing if no relationship existed. The trial court found that the record revealed that petitioner and decedent had been roommates for about a month but not friends. The court then found that the senselessness of the killing was the reason for the sentence, and that the court's mistaken belief that the two were friends did not provide the basis for the sentence imposed. In light of the trial court's finding, petitioner is unable to establish prejudice, the second Strickland factor. Accordingly, petitioner's claim that he received ineffective assistance of counsel at sentencing is denied.

Finally, petitioner's third claim for relief is that the trial court improperly relied on the prosecutor's statement that petitioner and the decedent were friends. As noted above, this argument

is factually incorrect in light of the trial court's finding in the post-conviction proceeding. Accordingly, this claim is denied.

## Conclusion

For the reasons set forth above, the petition for writ of habeas corpus is denied.

**ENTER:** February 1, 2002

**Robert W. Gettleman**
**United States District Judge**